# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL T. JONES, ) | Civil Action No. |
| ) | |
| Plaintiff, ) | Judge |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| DEPARTMENT OF VETERANS ) | |
| AFFAIRS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Serve:  Secretary of Veterans Affairs
        The Honorable Douglas A. Collins
        810 Vermont Avenue, NW
        Washington, DC 20420

        Attorney General
        Pam Bondi
        U.S. Department of Justice
        950 Pennsylvania Avenue, NW
        Washington, DC 20530-0001

        U.S. Attorney for the Western District
        Of Pennsylvania
        Troy Rivetti
        United States Post Office and
        Courthouse
        700 Grant Street, Suite 400
        Pittsburgh, PA 15219

**PLAINTIFF'S COMPLAINT IN CIVIL ACTION WITH
ATTACHED CERTIFICATE OF MERIT**

AND NOW, comes the Plaintiff, MICHAEL T. JONES, by and through his attorney, G. CLINTON KELLEY, ESQUIRE, and files suit against the UNITED STATES OF AMERICA, DEPARTMENT OF VETERANS AFFAIRS, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. § 1346(b) and 28 U.S.C.A. §§ 2671 et seq., of which the following is a statement:

## JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to 28 U.S.C.A. §§ 1346, and 2671-2680.

2. Venue in the United States District Court for the Western District of Pennsylvania is appropriate because the events leading to Plaintiff's claims occurred in Pittsburgh, Pennsylvania.

3. Plaintiff has fully performed all the necessary steps required before suit is instituted, including filing and serving a proper claim for damages on or about October 6, 2023. (See, SF 95 on behalf of Plaintiff, Michael T. Jones, attached as Exhibit "A".)

4. On or about January 10, 2025, Defendant, United States of America acting through the U.S. Department of Veterans Affairs, provided their denial letter, and this suit is filed within six months after the Agency's final notice of denial of the claim. (See letter dated January 10, 2025 attached as Exhibit "B").

## THE PARTIES

5. Plaintiff is an adult individual and resides 522 Verona Street, Braddock, PA, 15104, and is a veteran of the United States Army, and entitled to relief under the FTCA, 28 U.S.C.A. § 2674.

6. At all times pertinent to this matter, Defendant, United States of America, owned and operated inpatient hospital, medical, and surgical facilities at the Department of Veteran

Affairs, Pittsburgh VA Medical Center -University Drive, (also known as and hereinafter referred to as "VA Hospital Pittsburgh" and/or "VA Pittsburgh", with a principal address of University Drive C, Pittsburgh, Allegheny County, Pennsylvania 15240–1003. Defendant, United States of America, also maintains another Department of Veteran Affairs medical facility known as the H.J. Heinz, III Department of Veterans Affairs Medical Center (hereinafter referred to as "VA Heinz") located at 1010 Delafield Road, Pittsburgh, Allegheny County, Pennsylvania 15240–1003. Plaintiff is asserting a professional liability claim against this Defendant.

7. At all times pertinent to this matter, Defendant, United States of America, administered medical and surgical treatment to Plaintiff, Michael T. Jones, by and through various physicians, residents, interns, specialists, nurses, and other personnel that Defendant, United States of America, engaged on the staff of the VA Pittsburgh and VA Heinz as its agents, servants, employees, deemed federal employees and ostensible agents, acting within the course in scope of that relationship with the Defendant, including, *inter alia*, Dr. Harvey P. Insler, M.D. and Dr. Zachary Herman, M.D., and multiple other physicians, NPs, CRNPs, and other RNs at the VA Pittsburgh and VA Heinz.

8. At all times pertinent to this matter, Defendant, United States of America, by and through its agents, servants, employees, deemed federal employees and ostensible agents at or with the VA Pittsburgh and/or VA Heinz as aforesaid, held themselves out to Plaintiff and to all other Veterans seeking medical and surgical care as physicians and/or technicians engaged in the specialty of orthopedic surgery, and further represented or held themselves out to possess the requisite degree of care, skill, and knowledge exercised and/or possessed by others of these professions and specialties in the United States and/or more particularly, in Allegheny County,

Pennsylvania. Additionally, at all times pertinent to this matter, Defendant, United States of America, had actual and/or constructive timely notice of the actions, errors and/or omissions of its agents, servants, employees, deemed federal employees and ostensible agents, including, *inter alia*, Dr. Harvey P. Insler, MD and Dr. Zachary Herman, MD, and other multiple physicians, DNP's, CRNPs, and other RNs at the VA Pittsburgh and VA Heinz.

9. The acts complained of are actionable under the substantive law of Pennsylvania.

### AVERMENTS OF FACT

10. In October 2021, the Plaintiff was diagnosed with bilateral carpal tunnel syndrome and the VA undertook to perform surgery on Plaintiff in the nature of a carpal tunnel release.

11. On or about October 8, 2021, Plaintiff underwent bilateral endoscopic carpal tunnel release. The bilateral endoscopic carpal tunnel release was performed all by the VA and its employees, Dr. Harvey Insler, M.D., an orthopedic surgeon, and the assistant was Dr. Zachary Herman, M.D. (the surgical team) to treat Plaintiff's diagnosed condition of bilateral carpal tunnel syndrome.

12. During the procedure, Dr. Insler performed the carpal tunnel release on the Plaintiff's right wrist first. He then moved to the Plaintiff's left wrist.

13. While attempting to perform the release on the Plaintiff's left wrist, the guide was inserted, the scope was placed in the guide, a Q-tip was used to clear the canal of blood, and the ligament was not appreciated well. A rasp was used to clear the ligament of synovial tissue. Several attempts were made to re-insert the probes and guide but the ligament could not be

successfully appreciated endoscopically. It was elected to elevate the scan using the retractor and release the ligament under the direct vision using a scissors.

14. The Plaintiff complained of pain a few days thereafter, and the pain persisted.

15. On November 23, 2021 and November 29, 2021, EMG studies showed findings consistent with the following: bilateral median nerve focal neuropathy about the wrist, characterized as severe bilateral, profoundly so on the left side, which also showed EMG evidence of acute denervation and marked loss of CMAP amplitude. Compared to the study of June 9, 2021, the findings were significantly worse.

16. On December 6, 2021, the Plaintiff was diagnosed with left carpal tunnel syndrome, persistent. On that day he underwent revision left carpal tunnel release. This procedure was performed by Dr. Alexander Spiess, M.D. at the Pittsburgh VA Medical Center. Dr. Spiess was assisted by Dr. Mike Marallo, M.D. During this procedure, it was noted that there was dense scar tissue in the area of the transverse carpal ligament. The ligament appears to have been only partially released through the zone of the carpal tunnel.

17. The Plaintiff did not know of the nature and extent of the circumstances of this medical malpractice claim until November 23, 2021 at the earliest or December 6, 2021 at the latest.

18. Defendant owed a duty of reasonable care to Plaintiff.

19. Plaintiff's injuries were the direct and proximate result of the negligence of the Defendant, United States of America, individually, and/or acting through its agents, servants, employees, physicians, nursing staff, technicians, emergency room personnel and/or physicians it held out to Plaintiff as employees, agents or servants, either through its acts or in the failure to

act in some manner which led Plaintiff to believe that he was being treated by this Defendant and/or one of its agents, servants or employee, including, *inter alia*, Dr. Harvey P. Insler, M.D. and Dr. Zachary Herman, M.D., and multiple other physicians, NPs, CRNPs, and other RNs at the VA Pittsburgh and VA Heinz, by providing medical care that fell below or deviated from accepted standards of medical care generally or as more particularly set forth below[1]:

(a) In failing to properly perform the carpal tunnel release procedure;

(b) In failing to complete the carpal tunnel release procedure;

(c) In failing to employ proper and appropriate surgical technique and approach;

(d) In failing to maintain the standard of care at the level at which similarly qualified medical professionals would have managed under the same or similar circumstances;

(e) In failing to appropriately perform the bilateral endoscopic carpal tunnel release for Plaintiff's diagnosed condition of bilateral carpal tunnel syndrome.

(f) In failing to safeguard the Plaintiff's health, safety, and welfare;

(g) In failing to properly to re-insert the probes and guide in such a manner that Plaintiff's left wrist ligament could be successfully appreciated endoscopically;

(h) In failing to prevent Plaintiff from suffering significant pain following the initial surgery on October 8, 2021, through the revision surgery on December 6, 2021.

(i) In failing to prevent the injury to Plaintiff;

(j) In failing to prevent the need for revision surgery on December 6, 2021;

(k) In failing to adequately perform the surgery on the left wrist according to the standard of care that would have created less significant scarring.

---

[1] See, Certificate of Merit pursuant to Pennsylvania Rule of Civil Procedure 1042.3 attached as Exhibit "C".

(l) In deviating from the corporate standard of care for hospitals in the Commonwealth of Pennsylvania as defined by *Thompson vs. Nason Hospital*, 591 A.2d 703 (Pa. 1991), including, *inter alia*, failing to select and retain only competent physicians and other personnel; failing to oversee all persons who practice medicine and provide patient care within its walls; failing to formulate, adopt, and enforce adequate rules and policies to ensure quality care for patients; and failing to provide and maintain safe and adequate facilities and equipment.

(m) Failure to exercise due care and caution required under the circumstances.

20. As a direct and proximate result of the aforesaid negligence of Defendant United States of America, Plaintiff was caused to sustain the following injuries some or all of which may be permanent:

(a) His left wrist has been disfigured, which is a permanent condition;

(b) He was caused to suffer and ensure dense scar tissue in the area of the transverse carpal ligament;

(c) He was caused to suffer bilateral median nerve focal neuropathy about the wrist, characterized as severe bilateral, profoundly so on the left side, which also showed EMG evidence of acute denervation and marked loss of CMAP amplitude, all of which had worsened over time;

(d) He was caused to suffer and endure the ligament to have been only partially released through the zone of the carpal tunnel;

(e) He had to undergo additional medical treatment and care including but not limited to EMG studies on November 23, 2021 and November 29, 2021;

(f) He was diagnosed with left carpal tunnel syndrome, persistent on December 6, 2021;

(g) He had to undergo revision left carpal tunnel release;

(h) He was caused to return and remain in the Hospital for an additional time;

(i) Further and additional injuries, including increased risk of harm, to the involved and surrounding systems, tissues, ligaments and vascular systems;

(j) bilateral median nerve focal neuropathy about the wrist, characterized as severe

    bilateral, profoundly so on the left side, which also showed EMG evidence of acute denervation and marked loss of CMAP amplitude. Compared to the study of June 9, 2021, the findings were significantly worse

  (k)  Other painful, debilitating, and permanent injuries.

  21.  As a direct and proximate result of the aforesaid injuries, Plaintiff, Michael T. Jones, sustained the following damages all of which are or may be of a permanent nature:

  (a)  he has suffered and will continue to suffer a great pain, suffering, inconvenience, embarrassment, humiliation, and mental anguish;

  (b)  he has been, and will continue to be, required to expend large sums of money for surgical and medical attention, hospitalization, medical supplies, surgical appliances, medicines, rehabilitative an attendant services, including, past medical expenses not covered by VA benefits or insurance, and past medical expenses in the amount of $167,026.52;

  (c)  his left wrist has been disfigured, which is a permanent condition;

  (d)  his health strength and vitality have been impaired;

  (e)  he has been unable to enjoy the ordinary pleasures of life;

  (f)  he has sustained the loss of the ability to engage in the normal and customary activities of daily living;

  (g)  he has had to make compensatory changes in her normal daily activities, lifestyle, and future plans she would not have otherwise had to make;

  (h)  as a result of his injuries, plaintive may have sustained a permanent diminution of the ability to enjoy life and life's pleasures.

WHEREFORE, based upon the foregoing, Plaintiff, Michael T. Jones, respectfully demands that this Honorable Court enter judgment in his favor and against the Defendant, United States of America, in the sum of $1,670,000.00, plus prejudgment interest, attorney fees, and costs expended in this action, and for other such relief as the Court deems necessary and just.

                                                    Respectfully submitted,

Dated:    7/10/2025                                     */s/G. Clinton Kelley*

                                                    G. Clinton Kelley, Esquire
                                                    Attorney for Plaintiff, Michael T. Jones
                                                    Pa.I.D. No. 53494
                                                    Law Office of G. Clinton Kelley
                                                    The Mitchell Building
                                                    304 Ross Street - 7th Floor
                                                    Pittsburgh, PA 15219
                                                    Telephone: (412) 454-5599
                                                    Facsimile: (412) 712-9749
                                                    Email: gckesq@gmail.com